## APPEAL OF THE EASTERN ROLLING MILL CO.

Docket No. 5451. Decided November 27, 1926.

Interest paid upon money used during the erection of a building *held* not to be an item which can be properly capitalized for the purpose of computing invested capital.

*O. N. Hutchinson, C. P. A.*, for the petitioner.
*T. P. Dudley, Jr., Esq.*, for the Commissioner.

The petitioner appeals from the determination of deficiencies in income and profits taxes of $788.79 for 1919 and $10,129.31 for 1920.

### FINDINGS OF FACT.

The petitioner is a Maryland corporation with its principal office and plant located in Baltimore.

In June, 1919, the petitioner, through its bankers, offered for sale to the public its original issues of preferred and common capital stock. In accordance with the subscription agreement, subscribers for such stock made payments of 25 per cent as of July 1, 1919, 25 per cent as of September 15, 1919, and the remaining 50 per cent as of December 31, 1919. The subscription agreement provided that until final payment was made interest would be paid by the petitioner on the subscriber's advance installment payments at the rate of 6 per cent per annum. Such interest amounted to $35,330.70 as of December 31, 1919, and payment thereof was made by the petitioner on January 23, 1920. In the deficiency letter from which the appeal is taken the Commissioner concedes that such interest is an allowable deduction from the income for the year 1919, but in computing the amount of the deficiency no deduction was allowed for such interest.

Invested capital for 1920 was reduced by such amount, prorated from January 23, 1920.

The subscription agreement further provided that from the date of final payment, as of which date the stock would be issued, dividends on the preferred capital stock would accrue and be cumulative at the rate of 8 per cent per annum. Such dividend payments have been made by the company as agreed.

The petitioner was incorporated in June, 1919, and immediately started construction of its plant. The plant was not ready for operation until May 17, 1920, on which date operations began. During the construction period of approximately eleven months, no operations of any kind were carried on. All funds necessary for the erection and equipment of the plant were obtained from the payments upon the capital stock. The payments so received amounted to $2,790,000. The amount of stock issued and the dates on which the advance installment payments were collected were fixed after consideration of the expected construction requirements. Interest received during the construction period amounted to $28,376.51, which amount was considered by the petitioner as an offset to interest paid, which amounted to $35,330.70 for the period of construction. The difference of $6,954.19 was treated by the petitioner upon its books as a part of the cost to it of its plant. In computing the deficiencies the Commissioner has treated the amount of $28,376.51 as taxable income, and in arriving at the invested capital has refused to include the amount of $6,954.19 as part of the cost of the building and a capital expenditure.

During the period from July 3 to December 31, 1919, the petitioner had certain money on deposit with its bankers on which it received interest at the rate of 4 per cent per annum computed quarterly. As of December 31, 1919, the petitioner's account was credited by its bankers with interest on deposits amounting to $2,020.16. This amount was not entered upon the petitioner's books until January, 1920, when it received a statement of such interest. In computing the deficiency the Commissioner included such amount of $2,020.16 as income for 1920. The petitioner's accounts were kept on an accrual basis.

## OPINION.

PHILLIPS: The principal question for consideration is whether the difference between the interest paid and the interest received by petitioner during the period it was constructing its plant may properly be treated as a capital expenditure for the purpose of computing the petitioner's surplus for invested capital. That question has been decided adversely to the contention of the petitioner by the Board in *Appeal of Columbia Theatre Co.*, 3 B. T. A. 622; *Appeal of*

*Ottawa Park Realty Co.*, 5 B. T. A. 474; and *Spring Valley Water Co.* v. *Commissioner*, 5 B. T. A. 660.

At the hearing it was conceded by the Commissioner that the amount of $2,020.16 of interest credited to the petitioner's account by its bankers as of December 31, 1919, was properly income for 1919 and was not income for 1920. At the same time it was conceded by the Commissioner that interest of $35,330.70, paid by petitioner upon advance installment payments of the purchase price of its capital stock were properly deductible in computing the income for 1919 and should not have been used to decrease invested capital for 1920, except as it may reduce any earned surplus.

> *Decision redetermining deficiency will be entered on 15 days' notice, under Rule 50.*