*664 opinion.
Phillips:
The principal question for consideration is whether the difference between the interest paid and the interest received by petitioner during the period it was constructing its plant may properly be treated as a capital expenditure for the purpose of computing the petitioner’s surplus for invested capital. That question has been decided adversely to the contention of the petitioner by the Board in Appeal of Columbia Theatre Co., 3 B. T. A. 622; Appeal of *665 Ottawa Park Realty Co., 5 B. T. A. 474; and Spring Valley Water Co. v. Commissioner, 5 B. T. A. 660.
At the hearing it was conceded by the Commissioner that the amount of $2,020.16 of interest credited to the petitioner’s account by its bankers as of December 31, 1919, was properly income for 1919 and was not income for 1920. At the same time it was conceded by the Commissioner that interest of $35,330.70, paid by petitioner upon advance installment payments of the purchase price of its capital stock were properly deductible in computing the income for 1919 and should not have been used to decrease invested capital for 1920, except as it may reduce any earned surplus.
Decision redetermining deficiency will be entered on 15 days’ notice, under Rule 50.